(C.D. 2276)

Robert E. Landweer & Co.
Seattle Marine & Fishing Supply Co. } *v.* United States

United States Customs Court, First Division

(Decided July 17, 1961)

*Lawrence & Tuttle* (*Edward N. Glad* and *Frank L. Lawrence* of counsel) for the plaintiffs.

*William H. Orrick, Jr.,* Assistant Attorney General (*Murray Sklaroff* and *Richard E. FitzGibbon,* trial attorneys), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: The issue in this case concerns the application of the similitude provisions of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1954. The said similitude provisions are contained in paragraph 1559(a) thereof, and, so far as pertinent, read as follows:

PAR. 1559. (a) Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned * * *.

The plaintiffs imported certain floats used in fishing with nets, which floats are described on the invoices as "Vinycon Plastic Gill Net Floats T3–type." The collector of customs found that there was no enumeration in the tariff act which directly covers such merchandise and assessed duty on the floats, by virtue of the similitude provisions above quoted, at the rate of 45 per centum ad valorem under the provision in paragraph 1511 of the said act, which provides for manufactures wholly or in chief value of cork, not specially provided for.

In so classifying the merchandise, it is clear that the collector acted upon the finding by him that the plastic fishing floats in issue are similar in the use to which they may be applied to cork fishing floats, which would be classifiable under paragraph 1511, *supra.*

There is no dispute between the parties that the merchandise is not covered directly by any tariff enumeration, but the plaintiffs contend that there is no resemblance in the particular of use between the imported plastic floats and cork floats, dutiable under paragraph 1511, and that the imported plastic floats most resemble cedar wood floats in the use to which they may be applied. Such cedar wood floats would be dutiable at the rate of 16⅔ per centum ad valorem under the provision in paragraph 412 of the tariff act, as modified by T.D. 52373, supplemented by T.D. 52476, for manufactures of wood, not specially provided for.

All of the evidence in the case at bar was offered by the plaintiffs and is uncontradicted. Briefly stated, it establishes that floats are used in two types of net fishing, purse seine fishing and gill net fishing. The principles of the two types of fishing are somewhat different, the idea of the purse seine being to encircle the fish with a net of mesh, small enough so that the fish cannot escape nor become entangled therein, and then to close the bottom of the net, then draw it up so that the fish are brought to the surface. A gill net, on the other hand, is set out in the water in a substantially straight line and is made of mesh of such a size that it catches and entangles the gills of the fish as they try to swim through it. The net and the entangled fish are drawn into a boat, where the fish are separated from the net.

Both types of nets require floats to hold the top of the net at or near the surface of the water, but, as brought out by the testimony and exhibits offered at the trial, the shape, type, and kind of float is different in each case. Prior to the advent of plastics, which is the material from which the different floats used in both types of fishing are now made, gill net floats were made of cedar wood, while purse seine floats were made of cork. The reasons for the difference relate not only to the different amounts of floatation or buoyancy needed for the two types of nets, but also to the necessarily different methods of handling the nets, calling for floats with differing shapes, sizes, resistance to damage, and other physical characteristics. It is established by the evidence that cork purse seine floats are not and cannot be used in gill net fishing and that gill net floats are not and cannot be used in purse seine fishing.

Plaintiffs contend, therefore, that it has established that the plastic gill net floats at bar do not resemble cork floats in the use to which they may be applied, but that they do resemble cedar wood floats in that particular.

Defendant contends that "it is of little consequence that in some kinds of fishing wooden floats were used and in other kinds of fishing cork floats were used." It seems to be defendant's view that the use of one or the other material for floats is a matter of preference, but

it does not appear that this view is supported by the evidence, which establishes that the use of one or the other material is dictated, not by preference, but by the requirements of the particular type of fishing which is being undertaken.

Defendant cites, as dispositive of the matter, the decision of our appellate court in the case of *Seattle Marine & Fishing Supply Co.* v. *United States*, 45 C.C.P.A. (Customs) 93, C.A.D. 679, involving vinyl plastic floats used in purse seining. In that case, it appeared, as it does here, that plastic floats had either wholly or largely replaced cork floats in purse seining. In holding that the plastic *purse seine* floats there involved were dutiable by similitude of use to cork *purse seine* floats, our appellate court pointed out that the record established that the use of one or the other material for purse seine floats was a matter of preference, one being more efficient and/or economical than the other. As has been said, no such situation is revealed in the present record, which relates to *gill net* fishing floats, but, on the contrary, the record shows that one material, cork, is unsuitable for and is not used for floats in gill net fishing, while another material, cedar wood, is suitable for and is, or was, used for such purpose, although it has been largely, if not wholly, superseded by plastic floats such as those at bar in that use.

In our view, therefore, the decision in the *Seattle Marine & Fishing Supply Co.* case is not applicable to the facts in the case at bar and is not controlling.

It will be seen, of course, that the point at which the parties divide is in the conception of the scope of the similitude of use called for by the statute. Plaintiffs contend that, since cork floats cannot be used for gill net fishing, there can be no similitude of use between the imported plastic gill net floats and cork floats. Defendant tacitly admits that cork floats are not used for gill net fishing, but contends that, inasmuch as they are used in net fishing, even though of a different kind, there is a substantial similitude of use within the meaning of the similitude provisions which supports classification thereunder.

It has been consistently held that, in order to constitute similitude of use between a nonenumerated and an enumerated article, "the use must be substantially the same and achieved substantially in the same way." *United States* v. *Godillot & Co.*, 3 Ct. Cust. Appls. 128, T.D. 32382. In considering resemblance of use between the nonenumerated imported plastic floats and the enumerated cork floats, one might say that the use of the two floats is to hold fishing nets in the water and that the use of the two floats is, therefore, substantially the same. Further, one might say that they achieve that use in substantially the same way, i.e., by their inherent buoyancy. This is obviously the position taken by the defendant in this case.

However, the facts in the case establish that gill net floats are not and cannot be used in purse seine fishing and, specifically, that the imported plastic gill net floats are not and cannot be used in place of cork floats in purse seining. We are satisfied that this lack of capability of substituting the imported floats for cork purse seine floats bars a finding of similitude of use within the meaning of the statute.

It has always been a requirement of similitude of use that the non-enumerated article involved be capable of substitution for the enumerated article in the use to which they may be applied. In the leading case of *Pickhardt* v. *Merritt*, 132 U.S. 252, 33 L. ed. 353, there were involved certain imported nonaniline dyes, not directly enumerated in the tariff, which dyes had been classified for duty purposes under the provision for aniline dyes, by virtue of the similitude statute.

Speaking on the subject of similitude of use, the Supreme Court of the United States held to be proper an instruction to the jury by the trial court as follows:

* * * that if either of them [the imported nonenumerated nonaniline dyes] bore a similitude in the use to which it might be applied, to aniline dyes known and in use in 1874, it was dutiable at the same rate as an aniline dye; that the mere application to the dyeing of fabrics would not create the similitude, but that, if there was a similitude in the mode of use, a similitude in the same kind of dyeing, producing the same colors in substantially the same way, *so as to take the place of aniline dyes in use, there would be a similitude in use*; * * *. [Italics added.]

Similarly, in the *Godillot* case, *supra*, where the nonenumerated article involved was a so-called "night light," which had been assessed with duty by similitude to "tapers," and where it appeared that both night lights and tapers furnished light and did so by the burning of a wick, it was pointed out by the court that the imported night lights "could not be substituted for tapers," and it was held that there was no similitude of use.

Applying these principles to the situation in the case at bar, it is clear that the nonenumerated imported plastic gill net floats at bar could not be substituted for the enumerated cork purse seine floats, and there is, consequently, no similitude of use between the two kinds of floats. On the other hand, it is also clear from the record that the plastic gill net floats are used in the same way and achieve the same results as the cedar wood gill net floats which would be dutiable under paragraph 412, *supra*, and that they may be, and, in fact, are, substituted therefor. There is, consequently, a proved similitude of use between those floats, and plaintiffs' claim should, therefore, be sustained.

We may say, further, that even if defendant's conception of the scope of similitude of use were to be accepted as valid, and if it were

held that there was a similitude of use between cork purse seine floats and plastic gill net floats, the result would be the same. In the application of the similitude provisions, the statute makes *comparative* resemblance the criterion of classification—in other words, the statute presupposes that situations might exist in which a nonenumerated article might be similar in the use to which it may be applied to more than one enumerated article. On that basis, and accepting defendant's contention as valid, it would appear that the plastic gill net floats at bar are similar in the use to which they may be applied to both cedar wood floats and cork floats.

The statute requires, however, that classification be determined by that enumerated article which the imported nonenumerated article *most* resembles in the use to which it may be applied. This, of course, would be cedar wood floats, for the imported plastic gill net floats are used in exactly the same manner and produce exactly the same results as cedar wood floats.

Since they are used in different ways, there is much less resemblance, in respect of mode of use, between cork purse seine floats and the imported plastic gill net floats than there is between cedar wood gill net floats and the imported plastic gill net floats.

For the foregoing reasons, the claim in each of the protests for duty at the rate of 16⅔ per centum ad valorem under paragraph 412, Tariff Act of 1930, as modified, *supra*, is sustained, and judgment will issue accordingly.